UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 25-80068-CR-EA

UNITED STATES OF AMERICA,

     Plaintiff,

vs.

YELYZAVETA DEMYDENKO,
 SVITLANA DEMYDENKO,

     Defendants.

_____/

## SECOND UNOPPOSED JOINT MOTION TO CONTINUE TRIAL

**COMES NOW**, the Defendant, **YELYZAVETA DEMYDENKO,** by and through her undersigned counsel, and respectfully submits her unopposed Joint Motion to Continue Trial (along with her co-defendant Svitlana Demydenko), and as grounds therefore would state as follows:

1.     Ms. Demydenko, the defendant herein, is charged with making false statements and fraudulently violating a federal election.

2.     She is currently on bond and has had no issues whatsoever.

3.     The defendant respectfully requests a continuance of the current calendar call and trial date.   Calendar Call is currently set for May 14, 2026, with jury trial to begin May 18, 2026, before Judge Edward Artau.  The defendant requests that the Calendar Call be continued to July 21, 2026, with jury trial to begin July 27, 2026.

4.     Unfortunately, defense counsel (Christopher Haddad) will be out of the country taking sworn testimony in Mexico on a death penalty case, i.e. *State of Florida v. Carlos Gilbert Arellano-Ramirez,* Case No. 2018CF000812AXXXXX.  The Mexico trip is from May 17th thru

May 25th.   The Arellano-Ramirez case is an extraordinarily complex and detailed death penalty case.  Defense counsel has been working on the case since 2019.  There are 10 expert witnesses involved.  As counsel of record, defense counsel has had to take the lead in coordinating the preparation of this case.  Although, defense counsel has the assistance of other consulting attorneys as penalty phase counsel of record, he is responsible for all in-court matters and the related preparation.  The May 17-25, 2026 dates were selected after extensive coordination with other attorneys, experts, and mitigation specialists, as well as professionals in Mexico, including interpreters, a professional notary, and a videographer.  Additionally, a consulting neuropsychologist will also be traveling with the defense team.

5.      The trip's agenda entails the taking of sworn witness deposition testimony from family members of the defendant, as well as early childhood teachers. for purposes of presenting the sworn testimony in support of a pending motion to bar the death penalty based on intellectual disability.  Thus, the witnesses are crucial.  Additionally,  defense counsel's co-counsel will not be traveling to Mexico, leaving the entire burden on undersigned counsel.  This was not made known to defense counsel until recently and well after plans for the Mexico trip were made.

6.      In addition to the extensive coordination involved, the cost expenditures for the May 17-25, 2026 amount to tens of thousands of dollars, many of which are pre-arranged and paid for.

7.      In addition to the conflict posed by the death penalty case, the defendant also seeks a continuance on the basis that the Government provided the defendant with an expert report prepared by Dr. Rodolfo A. Buigas, PH.D on April 20, 2026.  This report was in rebuttal to a defense expert report prepared by Dr. Terry Mattingly, PH.D.  The reports pertain to forensic

evaluations assessing whether, *inter alia*, the defendant suffers from Autism Spectrum Disorder (ASD) and meets the criteria for diminished capacity under federal law.

8.      Defense counsel has provided a copy of the Government's expert report to its expert Dr. Mattingly for critical review.  Dr. Mattingly is in the process of reviewing the report and will then need to confer with counsel on the substantive issues raised.  Defense counsel has also asked Dr. Mattingly to provide a reasonable time for meeting to confer on these expert matters, as well as any scheduling conflicts presented as to her testifying at any pre-trial hearings or the trial of this cause.  It is anticipated that based on the conflicting opinions contained in the expert's report, there will need to be pre-trial litigation as to the admissibility of the testimony of defense expert Dr. Mattingly, and/or the Government's expert, Dr. Buigas.

9.      The request for continuance requires an assessment of the totality of the circumstances.  Among the considerations are: "time available for preparation, the likelihood of prejudice from denial, the accused role in shortening the effective preparation time, the degree of complexity of the case, and the availability of discovery from the prosecution." *United States v. Jerri*, 869 F. 3d 1247, 1257 (11th Cir. Pg. 2017).   Applying these factors supports the requested continuance.  Defense counsel acknowledges that the instant case has been continued before.  However, the issues related to the death penalty case stem from a far older matter and involved the coordination of schedules of professionals in the United States as well as Mexico.  Further, the Government's recent April 20, 2026, disclosure of its expert report, for which the defense does not fault the Government, requires that the defense have time to assess the Government expert's findings and to prepare for related litigation as to the admissibility of the expert testimony.  This will require coordination with the defense expert.

10.     Defense counsel has conferred with Mr. Peter Birch, co-defendant's attorney, who does not oppose the instant request and agrees that the time granted for the continuance is properly excludable under the Speedy Trial Act as to both co-defendants.

11.     Defense counsel has also conferred with AUSA John McMillan, who does not object to the requested continuance so long as the matter is reset within 90 days.

12.     Defense counsel has conferred with his client, Ms. Demydenko, who is in full agreement with the requested continuance and concurs that any period of time contained within the period of postponement is properly excludable under the Speedy Trial Act as the need for adequate time to ensure proper preparation for trial outweighs society's need for a speedy trial.

**WHEREFORE**, the Defendant, **YELYZAVETA DEMYDENKO,** respectfully requests that this Court enter an Order granting her a continuance and cancelling the Calendar Call currently set for May 14, 2026 and the Trial currently set for the trial period commencing on May 18, 2026 and resetting the Calendar Call for July 21, 2026 with the jury trial to begin July 27, 2026.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via electronic mail via the PACER system on April 27, 2026.

> Respectfully submitted,
>
> CHRISTOPHER A. HADDAD
> Attorney for Defendant
> 319 Clematis Street, Suite 812
> West Palm Beach, FL   33401
> (561) 832-1126
>
>
> BY: */s/ Christopher A. Haddad*
>     CHRISTOPHER A. HADDAD
>     Florida Bar Number: 0879592

4